United States District Court
Southern District of Florida

| | |
|---|---|
| United States of America, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Criminal Case No. 17-20353-CR-Scola |
| ) | |
| Patrick Zamor, ) | |
| Defendant. ) | |

### **Order Denying Motion for Release**

Now before the Court is the Defendant Patrick Zamor's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, the Court **denies** Zamor's motion (**ECF No. 99**).

Zamor pled guilty to conspiracy to possess cocaine with intent to distribute, and he was sentenced to 60 months on January 29, 2018. Zamor now moves for his immediate release from the Bureau of Prisons ("BOP") due to the threat posed by the Covid-19 pandemic. Zamor claims that his medical conditions—two prior brain surgeries for subdural hemorrhage, asthma, and "a bad liver"—put him at a significantly increased risk of contracting a severe case of the coronavirus, and therefore, he should be immediately released from prison and transferred to home confinement. The Court does not agree that release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is appropriate in this case for several reasons.

First, Zamor failed to exhaust his administrative remedies. Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). Where 30 days have not passed after submitting a request to the warden, the statute "presents a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), *as revised* (Apr. 8, 2020); *see also United States v. Epstein*, 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020) (citing numerous cases for the proposition that an inmate must comply with this subsection before filing a compassionate release motion). Here, Zamor does not allege that he submitted a request to the warden, nor that he exhausted all of his administrative rights to appeal the Bureau of Prisons' decision. He seemingly concedes that he failed to exhaust the administrative requirement by asking the

Court to waive it. (Supplement to Mot., ECF No. 101.) Because Zamor has not waited 30 days after submitting a request with the warden and has not exhausted his administrative rights, it is improper for the Court to grant this motion.

Second, Zamor did not meet his burden to show that "extraordinary and compelling reasons" support his release. If an inmate has a chronic medical condition that has been identified by the CDC as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons," especially for inmates over the age of 65.[1] Zamor is a 45-year-old inmate with subdural hemorrhage in his brain, asthma, and a "bad liver." Although people with moderate-to-severe asthma and chronic liver disease may be at an increased risk of contracting a severe case of Covid-19, Zamor has not sufficiently demonstrated that he has these conditions. He asserts that he has asthma, but does not include any details including its severity, how long he has had asthma, and whether he uses an inhaler or medication to treat his condition. He also does not attach any medical documentation demonstrating that he has asthma. With regards to his liver issues—he does not say which medical condition ails his liver. The Presentence Investigation Report discusses liver issued related to contracting Hepatitis A in 1994, but it does not say if he has chronic liver disease; nor does Zamor provide any documentation or detail regarding the nature or severity of his liver problems. Without demonstrating that he has severe medical conditions that place him at a high risk of contracting a severe case of Covid-19, Zamor cannot show that extraordinary and compelling reasons support his release, and, because he is 45-years-old, his risk of catching a severe case is diminished. *But see*, *United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for the Defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence).

Third, Zamor did not demonstrate that he would not pose a danger to the community and that the 3553 factors weigh in favor of his release. Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . .

---

[1] Center for Disease Control and Prevention, *Coronavirus Disease: People who are at higher risk for severe illness*, updated April 15, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (people over the age of 65 and those with certain chronic conditions are at a high-risk of severe illness from Covid-19).

extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Zamor is a repeat offender, who has previously served a 37-month sentence for the possession of cocaine with intent to distribute. *See United States v. Zamor*, Case No. 09-20238-CR-MIDDLEBROOKS. After completing that sentence, he then engaged in the narcotics activity that is the subject of this case, while suffering from the same conditions he contends now support a reduction in his sentence. Crucially, he has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors—such as the nature and circumstances of the offense, the history and characteristics of the offender, the need to ensure adequate punishment, deterrence, and community protection—do not warrant Zamor's release after serving less than half of his sentence.

The Government also argues that inmates at FCI Jessup are relatively safe due to the many precautions taken by the Federal Bureau of Prisons, and it states that FCI Jesup has no confirmed cases of COVID-19. The Court notes that the Government does not say how many inmates have been tested at FCI Jesup (or if any have been tested), and therefore, it may or may not be significant that FCI Jesup has no confirmed cases of COVID-19. Nevertheless, it appears as though FCI Jesup is providing as safe an environment as possible at this time given its many precautions, including limiting the inmates' gatherings to facilitate as much social distancing as possible, screening newly admitted inmates for the disease, and providing face masks to each inmate. (ECF No. 103 at 3.)

**Done and ordered** at Miami, Florida, on April 29, 2020.

_____
Robert N. Scola, Jr.
United States District Judge